## THE PEOPLE *v.* SMITH.

An indictment charging defendant with "stealing, taking and leading or driving away," the property stolen, etc., is not defective under our statute as charging the offense in the disjunctive. The gravamen of the offense is taking and removing the stolen property, and it is immaterial whether the asportation be by means of leading the animals stolen or driving them. The offense is complete by the union of either of these acts and the seizure or appropriation.

Either leading or driving away horses charged to have been stolen, etc., is a carrying away within the law.

An indictment for larceny describing the property as "a black or brown mare or filly, branded with a small mule shoe on the left shoulder," is sufficiently particular in description. To state the color is not necessary, and putting it in the alternative is not a fatal objection, especially when other terms of description are given, which identify the property. Our statute does not require *more* exactness than obtained at common law.

Confessions of a defendant indicted for larceny, made to the prosecutor and owner of the property stolen, upon inducements held out by him, that if defendant would disclose his confederates, he would use his influence to get defendant acquitted, are not admissible in evidence against him.

People v. Smith.

*Query.* Whether there is any foundation for the distinction between confessions induced by persons who have no authority or control over the prisoner, and those induced by persons having such authority, as Constables, prosecutors and the like.

APPEAL from the Court of Sessions, Yolo county.

The indictment ran, " two horses of the aggregate value of six hundred dollars  *  *  of the following description, to wit: one black or brown mare or filly, branded with a small mule shoe on the left shoulder—said mare or filly being of the value of three hundred dollars  *  *  and one other black mare of the value of three hundred dollars, and branded with the letters Silas P. Barnes, then and there being found, feloniously did steal, take and lead or drive away, contrary to the statute," etc.   Demurrer, on the ground that the " indictment does not substantially conform to secs. 237 and 238 of the Criminal Practice Act of the State of California," overruled.   Plea, not guilty.

The witness Barnes, the prosecutor, testified that defendant told him he had taken the mares, and in reply to a question as to holding out inducements said, that " he had promised to use his influence to get the defendant acquitted if he would disclose his confederates."   The other witness testified as stated in the opinion of the Court.   The Court below permitted the testimony of both witnesses to go to the jury, against the objection of defendant.   He appeals.

*Wm. P. George,* for Appellant.

1. The indictment does not follow the statute.   (Wood's Dig. secs. 237–8–9, 288.)   2. It describes the property stolen in the disjunctive, which is bad on demurrer.   (*Rex* v. *Cook,* 1 Leach, 105; *Rex* v. *Loom,* Russ. & Mylne, 160.)   3. The offense is charged in the disjunctive.   (*People* v. *Hood,* 6 Cal. 236.)   4. The confessions should have been excluded, as inducements were held out.   (1 Arch. 125–6.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Defendant was indicted for grand larceny, and convicted.   Several errors are assigned.

1. It is argued that the indictment does not conform to the requirements of the act.   It is said that the charge is in the disjunctive in this: That the defendant is charged with stealing, taking and leading

*or* driving away the property, etc. The gravamen of the offense is taking and removing the stolen property; it is immaterial whether the asportation is by means of leading the animals stolen, or driving them. The offense is complete by the union of either of these acts and the seizure or appropriation. Indeed, either leading or driving the horses —the property here—is a carrying away within the meaning of the law; and it would have been enough to have averred this general fact. The designation of one of two modes of doing this does not hurt the indictment under our system. The defendant was as fully apprised of the specific charge made against him as if the general and usual averment as to the asportation had been made.

2. The indictment describes the property " as a black or brown mare or filly, branded with a small mule shoe on the left shoulder." It is said that this description is imperfect. We do not think the defect fatal. The description is particular enough. The color of the mare probably could not be exactly remembered or determined—the difference between a dark brown and a black, being perhaps but a shade. It was not necessary to give the color of the animal, and we do not see that this alternative way of giving that mark of description is a fatal objection, especially when other terms of description are given, which identify the property. (See 1 Ch. Cr. L. 237 and seq., and notes of American cases.) Our statute does not require *more* exactness than obtained at common law.

3. A more serious point is made on the admission of proof of the confession of defendant to the prosecutor or the owner of the property and others. A Mr. Herskey, among others, testified that the prisoner " told him he had taken the mares belonging to Barnes." Here counsel for defense asked witness if he had not held out inducements to defendant to make a confession. He said he had, and that if he would tell who were engaged with him, he would try to get them convicted and help the prisoner to get clear.

Barnes, the owner of the property, whose name is indorsed on the indictment as a witness, upon whose testimony, in part, it was found, testifies to the same effect.

There can be no question that this proof was not admissible, so far as concerns the witness, Barnes; the rule being, that if any inducement of hope or fear be held out to the prisoner to make a confession, the admissions thus made are not evidence against him. A distinction is made by many English cases between confessions induced by one

having no authority or control over the prisoner, and those induced by persons who have such authority, as Constables, prosecutors and the like. But the cases seem to hold the owner of the goods stolen to stand in this relation. The record here does not show whether the other witnesses, except Barnes, stood in this relation to the prisoner; nor are the authorities agreed as to the soundness or fact of this distinction. (See Archbold Cr. Pr. and Pl. 126–135 and notes.) It is not necessary to pass upon the last question at this time.

Judgment reversed and the cause remanded.