[Department One.—March 7, 1883.]

## WILLIAM SHARON, RESPONDENT *v.* MATTHEW NUNAN, APPELLANT.

REPLEVIN—MONEY—SEIZURE UNDER EXECUTION.—The action was replevin to recover money seized by the defendant as sheriff of the city and county of San Francisco under an execution against one Little. The money was drawn by Little from the Bank of California on a check signed by one Dobinson in the name of the plaintiff, and at the time of the seizure it was sealed up in a canvas bag marked with a tag on which was written the name of Little, and deposited in one of the vaults of the Safe Deposit Company. Little was an agent or employee of the plaintiff, and the money was furnished to pay taxes due from the latter. *Held*, that the authority of Dobinson to sign the check was an immaterial matter, that the money belonged to the plaintiff, and that replevin was a proper remedy to recover it.

ID.—DEMAND.—No demand was necessary before commencing the action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

*C. S. Roe,* for Appellant.

*Lloyd, Newlands & Wood,* for Respondent.

ROSS, J.—We see no merit in the appeal. Beyond question, the money sued for was the property of the plaintiff. It was in the possession of one Little, an employee of plaintiff, to be used by him in paying certain of plaintiff's taxes. The money was in gold and silver coins, sealed up in a canvas bag, marked with a tag, on which was written Little's name, and deposited in one of the vaults of the Safe Deposit Company, in the city and county of San Francisco. It was in this condition when it was

seized by the defendant as the property of Little, under and by virtue of an execution against him.  For the defendant, who is the appellant here, it is contended that replevin is not a proper remedy for the recovery of money thus situated.  The authorities are clear that it is.  (3 Blackst. Com. 151; *Skidmore* v. *Taylor*, 29 Cal. 619;  *Griffith* v. *Bogardus*, 15 Cal. 410.)

Next it is said that demand on defendant for the money was necessary before plaintiff could maintain the action, and that there was no demand made.  As no demand was necessary, we find it unnecessary to decide whether the demand proved was or was not a sufficient demand.  (*Boulware* v. *Craddock*, 30 Cal. 190; *Wellman* v. *English*, 38 Cal. 583.)

We do not perceive the relevancy to the case before the court of the question of Dobinson's authority to draw the check in plaintiff's name, on which Little drew the money from the Bank of California.  The bank did not question the authority, but paid the money.  The money was the plaintiff's, and that was the important question, aside from those already disposed of.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.