[Department One. — May 30, 1883.

## ELIZABETH THOMAS, APPELLANT, v. THOMAS DESMOND, SHERIFF, ETC., RESPONDENT.

MARRIED WOMAN—ᶜCAPACITY TO SUE.—A married woman cannot sue alone to recover personal property wrongfully taken from her possession, unless the property thus taken is shown to be her separate property.

ID.— SOLE TRADER — SEPARATE PROPERTY OF THE HUSBAND — CREDITORS. —Separate property of the husband, though appropriated and used by the wife in carrying on business as a sole trader, is liable for his debts, and may be seized under process against him in favor of his creditors.

PLEADINGS — COMPLAINT — DEMURRER. — In alleging facts, the ultimate facts should be stated, and where a complaint merely states the evidence from which such facts are deducible, a demurrer lies.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order setting aside a default.

*Charles F. Hanlon*, for Appellant.

*Clitus Barbour*, for Respondent.

McKEE, J. — Upon a showing made by the defendant, the default entered against him was set aside by the court, with leave to answer. Instead of filing an answer, the defendant demurred and the court sustained the demurrer, with leave to the plaintiff to amend her complaint; but she declined to amend and judgment final was entered against her, and from the judgment and the order setting aside the default the plaintiff appealed.

The action was brought to recover damages for an alleged wrongful seizure of personal property. It is alleged in the complaint that the plaintiff was a married woman and the wife of William A. Thomas; and it may be gathered from the complaint that she had possession of the property, and that the defendant, as the sheriff of the city and county of San Francisco, took it from her possession by process issued in the suit of Amos Williams against William A. Thomas, her husband, and converted it to his own use. But that statement does not constitute a cause of action in her favor. It is only where property taken from a married woman belongs to her as her separate property that she is considered in law as a *femme sole* and entitled to sue for its recovery or conversion. And in such a suit, the pleading in the action should disclose the fact that the property was her separate property. That is a fact which must be averred and proved. The complaint does not show, by distinct affirmative averments, that the title to the property was in the plaintiff as her separate property, or that she was possessed of it as of her separate property as a sole trader or otherwise. On the contrary, the complaint *does* show, by recitals of evidential facts, that the property was the separate property of the husband, but, having become intemperate and dissolute, he had spent all his money and run in debt, and failed to support his wife, and she in consequence of the intemperate and dissolute habits of her husband, acting under the advice of counsel, asserted her claim over all his property, took possession of it and invested it in the business of letting furnished rooms, with or without board, in the city of San Francisco — a business which she was authorized to carry on as a sole trader by a decree of the Superior Court of said city and county rendered December 21, 1880.

These recitals are insufficient as a statement of her right to the property. They are not a statement of the material and ultimate facts — facts as distinguished from argument, from hypothesis, and from evidence — which is required by the Code. (§ 426, Code Civ. Proc; *Green* v. *Palmer*, 15 Cal. 410 ; *Piercy* v. *Sabin*, 10 Cal. 27 ; *Grewell* v. *Walden*, 23 Cal. 165; *Moore* v. *Murdock*, 26 Cal. 514; *Miles* v. *McDermott*, 31 Cal. 271.) The complaint was, therefore, demurrable.

Besides, as the fact appears from the recitals that the property

belonged to the husband as his separate property, it was subject to his debts, unless his title to it had passed from him to his wife, to the exclusion of his creditors. Of course, the interest of the husband was not divested by the advice of counsel to his wife; nor did she acquire any separate right to it merely by that advice; nor did she acquire title to it by the decree of the Superior Court which authorized her to carry on a specific business in her own name and for her own account.

The statute under which that decree was rendered provided that property derived from the community property or the separate property of the husband not exceeding in value five hundred dollars might be invested in a business carried on by the wife as a sole trader. (§ 1814, Code Civ. Proc.) The statute did not prevent her from obtaining and using the husband's property in the business. But she could only derive title to such property by the mutual consent of herself and husband, and by an act of transfer by the husband to her in the mode prescribed by law. From the recitals of the complaint there was no consent and no transfer; there was, therefore, no divestiture of the legal estate of the husband; the property belonged to him and was subject to attachment or execution against him.

Moreover, the pleader admits that, at the time when the wife took possession of the property and invested it in business on her own account, the husband was in debt. As a debtor he could not voluntarily surrender property to his wife, nor could she voluntarily assume the possession and ownership of it, to the prejudice of his creditors. Such transactions are considered in law fraudulent and void as to the creditors of the husband. (*Guttmann* v. *Scannell,* 7 Cal. 455; *Hurlburt* v. *Jones,* 25 Cal. 225.)

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.