[No. 19526.    Department One.—July 16, 1895.]

C. F. BRENOT, RESPONDENT, v. GEORGE E. ROBINSON, CONSTABLE, ETC., APPELLANT.

CLAIM AND DELIVERY—ACTION AGAINST CONSTABLE—ALLEGATION OF DEMAND.—In an action of claim and delivery against a constable, to recover the possession of personal property which had been seized by him under a writ against another, an allegation in the complaint that, prior to the commencement of the action, the plaintiff had made a demand on the defendant for the possession of such property, is a sufficient averment of the fact of such demand, as against a general demurrer. If the form of the demand did not comply with the requirement of section 689 of the Code of Civil Procedure, as amended in 1891, the defendant could traverse the allegation in his answer, and could also object to the proof when offered at the trial.

ID.—FINDING AS TO VALUE.—In an action of claim and delivery of several articles, the values of which were alleged in the complaint, both separately and in the aggregate, the failure of the court to find the specific value of each article does not invalidate a judgment for their aggregate value, if the defendant, in his answer, only took issue upon the aggregate value, and it does not appear from the record that any evidence was offered at the trial regarding the value of any of the property.

APPEAL from a judgment of the Superior Court of Orange County and from an order refusing a new trial. J. W. TOWNER, Judge.

The facts are stated in the opinion of the court.

*Charles S. McKelvey*, for Appellant.

*R. Melrose*, and *James J. Scarborough*, for Respondent.

HARRISON, J.—Action of claim and delivery. The complaint alleges that the plaintiff is the owner and entitled to the possession of four mules of the value of four hundred dollars; two double sets of harness of the value of seventy-five dollars; one farm wagon of the value of sixty dollars, and one pair of lead bars, of the value of five dollars; all of said property being of the aggregate value of five hundred and forty dollars; that on October 9, 1893, the defendant, as constable of Santa Ana township, in Orange county, without the plaintiff's consent and against his will, took said articles of personal property from the possession of the plaintiff; that before the commencement of this action the plaintiff demanded of the defendant the possession of said articles of personal property, but the defendant refused to deliver the same. Upon the trial of the action the court found that the plaintiff was the owner of the property, and that the aggregate value of said property at the time it was taken was four hundred and twenty-five dollars, but did not find the particular value of each article. Judgment was rendered in favor of the plaintiff for the possession of the property, and, in case delivery thereof could not be had, that he have and recover from the defendant the sum of four hundred and twenty-five dollars.

1. The defendant filed a general demurrer to the complaint, and now urges that the demurrer should have been sustained on account of the absence of an averment that the plaintiff had made a claim for the property in

the form prescribed by section 689 of the Code of Civil Procedure, as amended in 1891. (Stats. 1891, p. 20.) It is unnecessary to determine whether the owner of property from whose possession it is taken by the officer, under a writ against another, is a "third person" within the meaning of this section, or whether in such case any demand is essential to maintaining the action. (See *Wellman* v. *English*, 38 Cal. 583; *Sharon* v. *Nunan*, 63 Cal. 234.) The provisions of the section prescribe only the form in which the claimant is to make a demand in those cases in which the demand is requisite; and the allegation in the present case that before commencing the action the plaintiff made a demand upon the officer for the property is, as a matter of pleading, a statement of the fact of demand. If the form of the demand did not comply with the section of the code the defendant could traverse the allegation in his answer, and could also object to the proof when offered at the trial. In *Paden* v. *Goldbaum* (Cal., Sept. 4, 1894), 37 Pac. Rep. 759, it was held that, even in the absence of an averment in the complaint that any demand had been made upon the officer, evidence of the demand might be given at the trial upon the ground that the provisions of the section are intended for the benefit of the officer, and that a failure to comply with the section is a matter of defense to be pleaded by him.

2. The failure of the court to find the specific value of the several articles did not tend to render the judgment invalid. In *Whetmore* v. *Rupe*, 65 Cal. 237, it was held that this omission did not authorize a reversal of the judgment, the court saying: "By section 627 of the Code of Civil Procedure the jury are to find the value of any specific portion of the property only 'if so instructed.' Error can, therefore, only arise in a case where such instruction would be pertinent and proper, and the instruction was asked and refused." The defendant herein did not in his answer set forth the value of the several articles, and took issue with the plaintiff

only upon the aggregate value of all of the articles, and it does not appear that any evidence was offered at the trial regarding the value of any of the property.

The judgment and order are affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.