[L. A. No. 523.   Department Two.—September 11, 1899.]

D. D. KELLOGG, Respondent, v. JOHN BURR, Appellant.

CLAIM AND DELIVERY—VALUE OF SPECIFIC ARTICLES—ANSWER— FINDINGS.—In an action of claim and delivery, where the defendant, besides taking issue as to the alleged gross value of the property claimed, set forth the value of each specific article thereof, aggregating a less sum, the court is not required to find the value of each of the specific articles, if no reason appears therefor beyond the mere fact of such averments of the answer.

ID.—RIGHT OF ACTION—CONDITIONAL SALE—ATTACHMENT AGAINST VENDEE—SUBSEQUENT BREACH—DEMAND OF POSSESSION.—Where the plaintiff had made a conditional sale and lease of the property claimed to a third party, with retention of title, and upon condition of forfeiture if any instalment was left unpaid for three days, with option to the vendor thereupon to take possession, and the vendee, after the levy of an attachment against him, made default, and the plaintiff, after surrendering all obligations to the vendee, made demand upon the sheriff for the possession of the property, he was entitled to the possession thereof, and had a right of action against the sheriff for claim and delivery of the property.

ID.—VERIFIED CLAIM—STATING GROUNDS OF TITLE—WAIVER OF OBJECTION TO SUFFICIENCY—CONSTRUCTION OF CODE.—Section 689 of the Code of Civil Procedure, providing for a verified claim of

a third person to property attached, setting out his title and right of possession, and stating the grounds of his title, is intended primarily for the protection of the sheriff, and the omission to state the grounds of title in such claim will not vitiate it, if the sheriff does not object to its sufficiency, but demands an undertaking of the attaching creditor to indemnify him against the claim, and such undertaking is given without objection of the attaching creditor to the sufficiency of the claim.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

Victor Montgomery, for Appellant.

Benjamin W. Hahn, and Carl Schutze, for Respondent.

HAYNES, C.—Action in claim and delivery. Findings and judgment were for the plaintiff, and defendant appeals from the judgment and from an order denying his motion for a new trial.

On the 28th of June, 1895, the plaintiff was the proprietor of a butcher shop in Pasadena, and the owner of the personal property in question, being such as is usually used by retail butchers. On that day he entered into a contract with Kent & Veale, by which he sold to them said personal property for the sum of thirteen hundred and fifty dollars—five hundred dollars to be paid on July 1st; fifty dollars per month, payable on the first day of August, September, October, and November, respectively; seventy-five dollars per month, payable on the first day of December, 1895, and of January, February, and March, 1896; and three hundred and fifteen dollars on April 1, 1896; for which several sums Kent & Veale gave their promissory notes. Plaintiff also agreed to execute a bill of sale of said property on April 1, 1896, provided the purchasers performed their contract, and by the same written contract the plaintiff leased said property to the said purchasers, Kent & Veale, from that date to April 1, 1896, and stipulated that upon the failure of the purchasers to meet any of said payments at the time they became due, or within three days thereafter, they forfeited all

payments theretofore made, and he should have the option of taking possession without suit.

At the time of this transaction Kellogg was indebted to Mead, Wright & Co. (wholesale butchers) in the sum of three hundred and forty-three dollars and twenty-eight cents, and said firm were informed by Kent & Veale, before said contract was made, of their intended purchase, and at the time it was executed their bookkeeper was present, and at his solicitation Kent & Veale made their promissory note to Mead, Wright & Co. for said sum, payable June 29, 1895, and Mead, Wright & Co. gave Kellogg a receipt in full of his indebtedness to them.

After Kent & Veale went into possession of the property, they became indebted to Mead, Wright & Co. for meat furnished, and on November 5, 1895, executed to them a promissory note for the sum of three hundred and eighty dollars, payable one day after date.

These notes were transferred to J. H. Pritt for collection merely, he having no interest therein, and he brought suit thereon, and on November 27, 1895, caused the said property embraced in said contract between Kellogg and Kent & Veale to be attached by the sheriff as the property of the latter, and this action is brought by Kellogg against Burr, the sheriff, to recover possession of the attached property.

1. The complaint alleged the value of the several articles of personal property at a gross sum. The answer denied that they were of that value, or of a value exceeding one hundred and fourteen dollars and sixty-five cents, and proceeded to enumerate the various items, in all thirty or more, stating the value of each, the whole aggregating said sum of one hundred and fourteen dollars and sixty-five cents; and appellant contends that the court should have found the value of each item, an issue having been made as to each. (Citing Code Civ. Proc., sec. 627; *Brenot v. Robinson*, 108 Cal. 143.) Said section provides that the jury "must find the value of the property, and, if so instructed, the value of specific portions thereof."

In *Brenot v. Robinson, supra,* in speaking of this provision, the court, quoting from *Whetmore v. Rupe*, 65 Cal. 237, said: "Error can, therefore, only arise in a case where such instruction was pertinent and proper, and the instruction was asked

and refused." No reason is suggested why there should have been a finding as to the value of each item, and we see none. If the court would not have erred in refusing to instruct the jury to find the value of each article, it did not err in failing to find the value of each, whether requested to do so or not.

2. Appellant, conceding that the legal title to the attached property remained in Kellogg, the respondent, contends that the right of action for the recovery of the property was in the attachment defendants, Kent & Veale.

The argument is, that the attachment was levied on November 27, 1895, that the property sued for was taken from their possession, and their possession at that time was lawful under their contract, all payments prior to that of December 1st having been made, and hence the plaintiff did not, at the time of the levy, have the right of possession.

On December 5th, the note due December 1st not having been paid, plaintiff demanded payment, and was informed by Kent & Veale that they could not make any further payments; that plaintiff then surrendered all the unpaid notes to Kent & Veale, and demanded the property of the sheriff.

*Triscony v. Orr*, 49 Cal. 612, and *Lambert v. McCloud*, 63 Cal. 162, are cited by appellant in support of his contention. In the first of these cases it was said: "The alleged trespass was committed during the term when the lessee was in the actual, and was entitled to the exclusive, possession against the plaintiff, his lessor. It is well settled that a person having neither the possession nor the right to the possession of personal chattels cannot maintain trespass or trover for an injury done to the property."

The second case cited was in claim and delivery, but it was held that the plaintiff did not have the right of possession, though he had the right of property. Neither of these cases is in point.

Here, not only the title to the property was vested in Kellogg, who had never parted with it, but, at the time the demand was made by him upon the sheriff for the return of the property, he was entitled to its immediate possession, and those facts entitled him to maintain the action of claim and delivery. It was so expressly held in *Rodgers v. Bachman*, 109 Cal. 552, a

case directly in point.    (See, also, *Harkness v. Russell,* 118 U. S.
663, there cited.)

3. Appellant also contends that the verified claim of owner--
ship and right to the possession of the attached property served
by respondent upon the sheriff was not a compliance with sec-
tions 549 and 689 of the Code of Civil Procedure.

The part claimed to be insufficient is as follows: "I hereby
inform you that I am the owner and entitled to the possession
of the following described property which you have in your pos-
session, and demand the immediate return of the same to me."

The alleged defect is in not "stating the grounds of such
title."   Said section 689 provides as follows: "If the property
levied on be claimed by a third person as his property by a
written claim verified by the oath of said claimant, setting out
his title thereto, his right to the possession thereof, and stating
the grounds of such title, and served upon the sheriff, the sheriff
is not bound to keep the property, unless the plaintiff, or the
person in whose favor the writ of execution runs, on demand,
indemnify the sheriff against such claim by an undertaking
by at least two good and sufficient sureties; and no claim to such
property is valid against the sheriff, or shall be received, or be
notice of any rights, unless made as above provided"; and said
section 549 makes said claim applicable to attachments.

It has been held that said section 689 is intended for the
protection of the sheriff.   (*Paden v. Goldbaum* (Cal.), 37 Pac. Rep.
759; *Brenot v. Robinson, supra; Dubois v. Spinks,* 114 Cal. 289,
295.)   If such claim is made, the sheriff is not bound to retain
the property unless he is indemnified, and may release it with-
out incurring a liability therefor to the plaintiff in attachment
or execution.   The sufficiency of the notice is therefore a ques-
tion between that officer and the plaintiff in attachment.   If
the plaintiff found the notice which was the basis of the
sheriff's demand for indemnity insufficient, he might refuse to
give it, and thus place the responsibility of an improper release
upon that officer.   The sheriff testified that said claim was
served upon him, and he "therefore made a demand" upon Pritt
for a bond of indemnity, which he gave; and the said bond re-
cites: "And, whereas, upon the taking of said goods and chattels
by virtue of the said writ, D. D. Kellogg claimed the said goods

and chattels as his property; and, whereas, the said plaintiff, hereby expressly waiving a trial by a sheriff's jury of the right of property—require of said sheriff that he shall retain said property under such attachment and in his custody."

It would appear, therefore, that the plaintiff in attachment, as well as the sheriff, treated and regarded the notice as sufficient; and the sheriff having acted upon the claim served upon him, and because of its service, procured the protection of an indemnity bond—the only protection he could have, if he retained the attached property—it would seem that the notice, though defective, accomplished the purpose intended by the statute as fully as though it had given a detailed statement "of the grounds" of his title, whatever that expression may mean. I do not see any ground upon which it could be said that appellant was misled or prejudiced by the alleged defect in the claim served upon him, and advise that the judgment and order appealed from be affirmed.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.