## BREARD v. LEE.

(Circuit Court, N. D. California. November 21, 1911.)

No. 15,336.

1. ATTACHMENT (§ 361*)—WRONGFUL LEVY OF ATTACHMENT.

One who directs the taking by an officer executing a writ of attachment of property of a third person not rightfully subject thereto is guilty of a wrongful and tortious act, and is liable to the owner equally with the officer in an action of trespass or trover.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1315–1318; Dec. Dig. § 361.*]

2. ATTACHMENT (§ 361*) — WRONGFUL LEVY OF ATTACHMENT — CALIFORNIA STATUTE.

Code Civ. Proc. Cal. § 689, relating to executions and which is made applicable to attachments, providing that, if property levied on be claimed by a third person, he shall make a verified demand on the sheriff, and that "no claim to such property is valid against the sheriff * * * unless made as above specified," is for the benefit and protection of the sheriff, and does not limit the common-law right of the owner of the property as against a wrongdoer participating in the trespass, such as an attachment plaintiff who directs the levy.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 361.*]

3. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

In an action of trespass for the wrongful taking of property under an attachment against a third person, where malice is alleged, and acts of oppression which may properly be the basis for exemplary damages, the damages claimed in apparent good faith and not the value of the property attached are to be taken as the amount involved for the purpose of determining the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. G. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

4. ACTION (§ 38*)—SINGLE AND ENTIRE CAUSE OF ACTION—TORTS.

However numerous the items of damage claimed if they all flow from one wrong, they are the subject of but a single action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

At Law. Action by Charles G. Breard against Clarke J. Lee. On demurrer to complaint. Overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Oscar J. Smith, for plaintiff.
White, Miller & McLaughlin, for defendant.

VAN FLEET, District Judge. The complaint in this case counts in trespass for damages suffered by the wrongful seizure and conversion of certain personal property belonging to plaintiff under a writ of attachment. Defendant has demurred thereto on several grounds, which may be briefly noticed.

[1] After alleging the ownership of the property in plaintiff, and certain facts by way of inducement of special damage as to the particular use to which it was destined and specially valuable to plaintiff at the time, it is alleged, in substance, that the defendant, with full knowledge of the plaintiff's ownership and of the particular use for which he intended it, caused and directed the property to be seized and taken under a writ of attachment issued in an action by defendant against a third party; that the defendant in such attachment had no interest of any character in said property, of which fact this defendant was informed, and a demand duly made upon him for the release of the attachment, but which demand was refused; that the property was not taken inadvertently or by mistake, but that it was knowingly, willfully, and wrongfully levied upon and seized at defendant's said direction, with the purpose by the latter to harass, injure, and oppress the plaintiff; and that defendant was actuated in the premises by malice. Damages both actual and exemplary are alleged and prayed.

Wherein, under well-established principles, these facts are lacking in the essentials of a cause of action for a tortious taking and conversion of property, is not readily to be perceived. Certainly no question is better settled by the course of decision generally under our system than that one who takes the property of another without right, whether under color of official authority or otherwise, is guilty of a wrongful and tortious act, and that an action in the nature of either trespass, trover, or replevin will lie for its correction. This is true as well where the property is taken under a supposed claim of right as where the taking is with knowledge of the wrong, since in either case the trespasser acts at his peril. And one who directs the taking by an officer executing a writ of property not rightfully subject thereto is equally guilty of the wrong committed as the officer who executes the writ. In such an instance both the officer and the one who directs the taking are joint tort-feasors, and either one or both may be held responsible by the owner at his election. These principles are so thoroughly established as to require no elaborate citation of authorities in their support. Marsh v. Backus, 16 Barb. (N. Y.) 483; Meade v. Smith, 16 Conn. 346; Sangster v. Commonwealth, 17 Grat. (Va.) 124; Woodbury v. Long, 8 Pick. (Mass.) 543, 19 Am. Dec. 345; Caldwell v. Arnold, 8 Minn. 265 (Gil. 231); Knight v. Nelson, 117 Mass. 458.

[2] Indeed, defendant's objection that the complaint states no cause of action against him arises, not so much in any question of the principles above stated, as in the claim that they have no application

here, for the reason, as asserted, that the statute of California has entirely taken away the common-law remedy for such a trespass and relegated plaintiff to a purely statutory remedy against the officer making the seizure, and that plaintiff is therefore pursuing the wrong party. The provision of the statute assumed to have this effect is section 689 of the Code of Civil Procedure, relating to executions, which is made applicable to attachments, and which provides that, if the property levied upon be claimed by a third person, he shall make a verified demand therefor upon the sheriff in the manner there specified, and that "no claim to such property is valid against the sheriff, or shall be received, or be notice of any rights, unless made as above provided."

But it is sufficient to say that defendant has wholly misconceived the purpose and effect of this provision. It was intended, as its language imports, for the benefit of the sheriff, to protect him against the consequences of proceeding in good faith to hold or sell seized property as that of the defendant in the attachment or execution, and thereafter, when too late to restore it to the true owner, find himself liable to the latter for its conversion, and the provision is not to be construed as in any wise limiting the common-law right of the owner as against a wrongdoer, such as the defendant here, participating in the trespass. Paden v. Goldbaum, 37 Pac. 759, 761; [1] Kellogg v. Burr, 126 Cal. 38, 42, 58 Pac. 306; Brenot v. Robinson, 108 Cal. 143, 145, 41 Pac. 37; Dubois v. Spinks, 114 Cal. 289, 46 Pac. 95. In fact, in Paden v. Goldbaum, supra, the question is left in doubt by failing to decide whether this statute would be any protection to the sheriff in an action such as the present; the court there saying:

"Whether the failure of a plaintiff to serve such verified claim would be a defense to an action for damages for the conversion of the property, or only to an action in claim and delivery to recover possession of the property from the officer (a question discussed by counsel), need not be considered here, in view of the conclusion reached upon the question of pleading."

This disposes of the first objection to the complaint.

[3] The next assignment of insufficiency is equally untenable. It is that the facts alleged make no case within the jurisdiction of this court, and this is predicated on the theory that the rule of damages for the wrongful taking of property, under circumstances like those alleged, is solely compensation for the actual loss sustained; and, as the value of the property taken is alleged at a figure much below the amount required to invoke the jurisdiction of this court, the action cannot be maintained, notwithstanding the damages are alleged in an amount more than sufficient to give the court jurisdiction. In other words, that the court can say from the face of the pleading that the cause of action stated does not really involve a controversy in an amount sufficient to vest cognizance in this court. This contention ignores the feature of oppression and malice alleged in the pleading. That element, if established, augments the rule of damages as stated by defendant, and authorizes the jury, within their discre-

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 104 Cal. xviii.

tion, to go beyond mere compensatory relief. Live Stock, etc., Co. v. Union Stock Co., 114 Cal. 447, 46 Pac. 286; Foley v. Martin, 142 Cal. 256, 71 Pac. 165, 75 Pac. 842, 100 Am. St. Rep. 123; Seay v. Greenwood, 21 Ala. 491; Foster v. Sweeny, 14 Serg. & R. (Pa.) 386; Wade on Attachment, § 317, p. 600. This being so, the court cannot say as a matter of law that the case does not involve a sufficient amount to justify bringing it here.

[4] The third objection, that several causes of action are commingled without being separately stated, is without merit. Defendant confuses different elements of damage with separate causes of action. But those elements all grow out of one and the same transaction, and are not the basis of separate demands, and the plaintiff would not be at liberty to divide them into separate actions. No matter how numerous the items of damage, if they all flow from one wrong, they are the subject of but one action.

The demurrer to the complaint will be overruled.