[Civ. No. 5160.  First Appellate District, Division Two.—April 11, 1925.]

## V. R. COWSERT, Respondent, v. B. F. STEWART, Appellant.

[1] EXECUTION—IMPROPER RELEASE OF AUTOMOBILE BY CONSTABLE—DAMAGES—SUFFICIENCY OF INDEMNIFYING BOND—FINDINGS—EVIDENCE.—In this action against a constable to recover damages occasioned by his release of an automobile from the lien of an execution issued upon a judgment secured by plaintiff against an individual, which release was made after a third-party claim had been filed with the constable, and also after plaintiff furnished an undertaking to meet the demand of the constable, the contention that the sureties on the undertaking furnished by plaintiff were in fact insufficient is disposed of by the findings to the effect that the sureties upon said undertaking were good and sufficient sureties, which findings are supported by the evidence.

[2] ID.—THIRD-PARTY CLAIM—REJECTION OF SUFFICIENT INDEMNIFYING BOND—RELEASE OF PROPERTY—LIABILITY OF CONSTABLE.—A constable is liable in damages for the release of an automobile from the lien of an execution, where the release was made after the execution creditor furnished a good and sufficient bond in compliance with the constable's demand to indemnify him against a third-party claim, and after the execution creditor failed to provide another bond upon the rejection by the constable of the first bond.

---

(1) 35 Cyc., p. 1843, n. 33.   (2) 35 Cyc., p. 1766, n. 17.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Loren A. Butts for Appellant.

Kitt Gould for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment for $304 against him, as constable, in an action brought to recover damages because the defendant released an automobile from the lien of an execution issued upon a judgment secured by plaintiff against one Jack Zero.

The facts are presented by the findings and are that the plaintiff had duly secured a judgment against Jack Zero in the sum of $299 and costs. Thereafter an execution was issued and delivered to the defendant constable, with instructions to levy said execution upon a certain Dodge commercial truck in the county of Fresno, state of California, and within the jurisdiction of said constable. The constable made the levy and took the truck into his possession under and pursuant to the writ of execution, and on the sixteenth day of June, 1923, posted notice of constable's sale to be held on June 22, 1923. On June 18, 1923, Michael Pecci claimed to be the owner of said truck and filed a third-party claim and demanded the release of the truck. Thereupon the constable demanded of plaintiff an undertaking pursuant to section 689 of the Code of Civil Procedure of the state of California, in the sum of $1,500, which demand was complied with by plaintiff on June 20, 1923, by furnishing an undertaking in said sum signed by Kitt Gould and Rhoda M. Gould as sureties. On June 22, 1923, the defendant demanded a new undertaking, giving as his reason that Kitt Gould was an attorney at law and could not legally execute an undertaking. Plaintiff provided no other bond and the constable released the ·truck and the judgment in plaintiff's favor was never satisfied. The sureties upon the undertaking were good and sufficient sureties.

[1] It would seem that a recital of these facts is all that is necessary to determine the appeal. The appellant argues that the constable had the right to declare the bond

insufficient, regardless of the fact, and that the testimony shows that the sureties were, in fact, insufficient. The latter point is completely disposed of by the findings, which are supported by the evidence.

[2]   The former contention, i. e., that the constable may arbitrarily accept or reject a bond furnished under the provisions of section 689 of the Code of Civil Procedure, presupposes a construction of that section which would leave a litigant completely powerless and without legal right. The section itself provides that in a situation such as was presented in this case "the sheriff is not bound to keep the property unless the plaintiff or the person in whose favor the writ of execution runs, on demand, indemnifies the sheriff against such claim by an undertaking by at least two good and sufficient sureties," etc. Clearly, then, if the undertaking is furnished as provided, the sheriff is "bound" to keep the property. In the case of *Kellogg* v. *Burr,* 126 Cal. 38 [58 Pac. 306], it was said, in reference to the filing of a third-party claim under section 689 of the Code of Civil Procedure, that the question of the sufficiency of the notice of such claim is a question between the sheriff and the plaintiff in attachment. "If the plaintiff found the notice which was the basis of the sheriff's demand for indemnity insufficient, he might refuse to give it, and thus place the responsibility for an improper release upon that officer." By the same reasoning, if the plaintiff in attachment properly complied with the demand for indemnity, as found in the instant case, and the sheriff, nevertheless, demanded another undertaking, plaintiff might refuse to give it and place the responsibility for an improper release upon the officer. No other rule is compatible with reason and no other rule will insure an attaching creditor against arbitrary and illegal action upon the part of an attaching officer.

In the recent case of *Arena* v. *Bank of Italy,* 194 Cal. 195 [228 Pac. 441], it was said: "It would be idle to argue that the legislature in thus stating the specific requirements of a third-party claim, the service of which upon the officer should supply the basis for his demand for indemnity, did not intend a substantial compliance with its terms as a prerequisite to such demand; and while it may be still held to be true that the policy of the courts should be to protect public officers in the exercise in good faith of their function in relation to

the levy of process upon the property of litigants, it must also be held that the courts in so doing must have some reasonable regard for the express provisions of the statute regulating and limiting their powers and duties in respect to such levies." That case goes on to hold that unless the third-party claim complies in all particulars with the statute, it fails to furnish the officer with any basis for a demand upon the plaintiff for an indemnifying bond. Likewise, in the instant case, when the plaintiff has furnished a good and sufficient indemnifying bond, the officer has no basis for a demand for another undertaking. He is bound to hold the goods under the attachment and has no right to let the property go out of his hands except in due course of law, and if he does and it is lost, he is responsible to the plaintiff in the attachment for the amount of the debt. (*Sanford* v. *Boring,* 12 Cal. 539.)

The judgment is affirmed.

Nourse, J., and Preston, J., *pro tem.,* concurred.