REUEL HOWARD, JR. *versus* AMAZIAH BROWN &amp; *al.*

21 385
86 183

A poor debtor's bond must be executed by *the debtor* as well as by the sureties, or it will not be a good statute bond.

Nor will it be a good *statute bond*, unless the penalty be to the *amount required by the statute.*

But although the bond may not be signed by the debtor, or the penalty may be less than for double the amount of the debt, interest thereon, costs and officer's fees, still it may be a good bond at common law, and may be enforced as such.

In such case, unless the law be altered by the Revised Statutes, the amount of damages is to be determined by the Court.

However, if it be erroneously put to the jury to determine the amount of damages, and they are right in their estimation, a new trial will not be granted on that account.

Where judgment is rendered for the amount of the penalty of the bond, being sufficiently large to carry full costs, and execution issues for a mere nominal sum as damages, the plaintiff is entitled to full costs.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Debt on a poor debtor's bond. The plaintiff proved the execution of the bond by the defendants; that an execution in his favor against Jason W. Moor was in the hands of Leighton, a deputy sheriff, for collection; that Leighton arrested Moor upon the execution; that while Moor was under arrest he went with the officer to the defendants, who on being requested so to do, signed the bond, and Moor was released from the arrest; that Moor was present at the time, but did not sign the bond; that no reason was assigned why he did not; and that there were no conditions or agreement that the same should not be the bond of the defendants, unless signed by Moor. No evidence was offered to show that the condition of the bond had been performed. The defendants offered a witness to prove, that Moor, at the time was destitute of property. The plaintiff objected to the admission of the evidence, but the objection was overruled by the presiding Judge, and the witness was admitted, and testified that Moor was reputed to be poor. It

appeared that the penalty of the bond was not quite double the amount of the execution and officer's fees.

The Judge instructed the jury, that this was not a bond taken pursuant to the poor debtor acts of 1835 and 1836, but that it was a bond valid at common law, and that the jury might assess such damages as they believed the plaintiff had sustained by the breach of the bond. The jury returned a verdict for the plaintiff, and assessed the damages at one dollar.

To these rulings and instructions, the *plaintiff* filed his bill of exceptions.

The *defendants* also filed a bill of exceptions in the same case, from which it appeared that, at the trial, they contended, that the bond was not good either as a statute bond, or at common law, but was incomplete and void. The Court overruled this position, and decided, that although it was not a good bond by the statute, yet it was good at common law; and that if its execution had been proved, the plaintiffs could recover whatever damages he had sustained in consequence of its conditions not having been complied with.

After the verdict had been returned, the defendants contended that the plaintiff was entitled to recover but a quarter part as much costs as damages. The Judge directed that judgment should be rendered for the penalty of the bond, and ordered the execution to issue for one dollar damage and full costs. And the defendants excepted.

*J. Baker* argued for the defendants, contending that the bond was invalid and void. This is a collateral undertaking only as sureties for the performance of certain acts by the principal; and where there is no principal, there can be no sureties. The officer could not take such bond legally. It is against the policy of the law. It was incomplete, and of no binding force. *Bean* v. *Parker,* 17 Mass. R. 591; *Wood* v. *Washburn,* 2 Pick. 24; 1 Metc. & Perk. Dig. 433. The statute mode has excluded the common law mode, and the bond is not good at common law. *Gooch* v. *Stephenson,* 13 Maine R. 371; *Cutts* v. *Hussey,* 15 Maine R. 237.

If good in any way, it must be good as a statute bond. But it is not good as a statute bond, because it is not signed by the principal, and because the penalty is not for double the amount.

If the action can be maintained, the damages must be but nominal. It is not a statute bond, and the plaintiff has sustained no damages. If it be true that the question of damages should have been decided by the Court, and not by the jury, it has been repeatedly settled, that no new trial will be granted on that account, if the verdict is right.

*H. A. Smith* argued for the plaintiff, contending, among other things, that as the debtor had been discharged from arrest in consequence of the giving of this bond by the defendants, and could not be again arrested on the execution, and there was no illegality in the transaction, they should not be permitted now to say that it is of no binding force.

The statute does not require, that the debtor should sign the bond. It is the voluntary act of the defendants, and they might well stipulate, that another should do certain acts. It is within both the letter and spirit of the law. *Vallance* v. *Sawyer*, 4 Greenl. 62; *Cutter* v. *Whittemore*, 10 Mass. R. 442; *Haskins* v. *Lombard*, 16 Maine R. 140. As it respects the defendants then, at least, it should be considered a good statute bond.

But if the bond declared upon is not a good statute bond, it is good at common law. If the creditor chooses to accept it, though less favorable to him, than he was entitled to have, the defendants cannot complain. The creditor may waive any thing which is merely for his advantage. The bringing of the suit upon the bond, is an acceptance of it. If therefore the omission of the signature of the debtor, and the fact that the penalty is less than it should have been, prevent its being good under the statute, we are entitled to judgment upon it as a common law bond. *Kimball* v. *Preble*, 5 Greenl. 353; *Pease* v. *Norton*, 6 Greenl. 229; *Clap* v. *Guild*, 8 Mass. R. 153; Rev. St. c. 148.

The bond was not subject to chancery. The defendants have bound themselves that the debtor should do certain things, or that they would pay the debt and costs, as stipulated damages. *Gowen* v. *Gerrish,* 15 Maine R. 273 ; *Howe* v. *Gammon,* 14 Maine R. 250.

The damages should have been estimated by the Court, and not by the jury. *Hathaway* v. *Crosby,* 17 Maine R. 448.

.The opinion of the Court was afterwards drawn up by

TENNEY. J. — The acts of 1835 and 1836 for the relief of poor debtors provide, that the bond shall be given by the debtor, and shall be in double the amount for which he was arrested or imprisoned. All the requirements must be contained in the condition ; and if defective in that respect, it is not a statute bond. We think the debtor himself should execute the bond, in order to comply with the provision. The Court have heretofore settled, in the case of *Pease* v. *Norton & als.* 6 Greenl. 229, that the amount for which the debtor is imprisoned is the debt, costs and fees, and that there must be a precise conformity thereto, that the bond may be a statute bond. The one in the case at bar fails in both these particulars, and cannot be enforced in the manner contemplated in the acts referred to. The creditor has however put it in suit and has thereby accepted it. Is it a bond at common law ? It is contended that it is not, inasmuch as it purports upon its face to be made for principal and sureties to execute, and the former has not become a party to it. It .has been regarded by the defendants' counsel, as analagous to a bail bond, which has been adjudged invalid, unless signed by the principal. *Bean* v. *Parker,* 17 Mass. R. 591. Bail is subject to liabilities and entitled to privileges differing in many respects from those of other sureties ; and one is the power, which he has at all times and places over the principal, authorizing imprisonment, till the liability is discharged. The language of the Court in the authority cited, may apply to other cases, but the question before them related exclusively to the validity of a bail bond, and the decision was upon the ground, that it was an undertaking *sui generis.* The

Howard *v.* Brown.

case, *Wood, Judge,* v. *Whittemore & al.* 2 Pick. 24, contains only the disposition of the action; none of the reasons for the opinion, entertained by the Court, are reported. We apprehend the case at bar is distinguishable from that of bail; though the object sought in both may be to some extent similar; but the relation existing between the principal and surety is in many respects different in the two, one from the other. We cannot believe that a surety in a bond, like the one here in suit, has power without legal process, to take the person of the debtor at any time and commit him to prison against his consent. When he has become his surety, he has taken upon himself the peril of injury, and can resort to him for damages, if any arise, in an action, as in other instances of suretyship. And we are·not aware that in undertakings of this kind, sureties have powers, superior to those possessed in ordinary contracts; or that the obligee therefore, is restricted more than he is, in a bond purporting to be from several, who are not represented as holding the relation of principal and sureties, and a part only have in fact executed it. So far as the obligee of a bond, or the promissee in a note is concerned, the principal and sureties are equally liable. *Howe* v. *Ward,* 4 Greenl. 199.

If the view, we take, be correct, how does the obligation, which we are now considering, differ from those, which have been fully examined, wherein solemn decisions have been pronounced? *Cutter* v. *Whittemore,* 10 Mass. R. 442; *Scott & al.* v. *Whipple & als.* 5 Greenl. 336; *Haskins & al.* v. *Lombard & als.* 16 Maine R. 140. It does not appear in this case, that there was any condition or reservation, at the time the defendants executed the instrument. They voluntarily executed it, and suffered it to pass without objection into the hands of the officer, who made the arrest. We see nothing which induces the belief that they expected or wished the debtor to sign it. There is good reason to suppose that the intention of the parties was, that it should be binding according to its terms, and we know of no authority, which leads us to doubt, that such intention should be carried into effect. We

think it a bond at common law, and can be legally enforced as such.

The Court, under the authority to hear in chancery, conferred in the statutes of 1821, c. 50, § 2, are to determine what shall be the damages to be received in such cases. The statute of 1830, c. 463, does not apply. *Hathaway* v. *Crosby &* *al.* 17 Maine R. 448. The question of damages was therefore not properly submitted to the jury; but when the jury have from the evidence come to such a result as the Court approve, it has not been usual for the latter to interfere. The case finds that the debtor was reputed to be poor, and no counter proof was adduced, and we cannot perceive that the estimation was erroneous. Judgment for the penalty of the bond and full costs; and execution for a nominal sum in damages was properly ordered.

> *Plaintiff's and defendants'*
> *exceptions overruled.*