J. W. MORGAN, J. P. DELLAN, T. W. MURPHY, Appellants, *v.* J. W. THRIFT, and J. B. FAIRCHILD, Respondents.

The Practice Act permits a party defendant, whose name is unknown, to be sued by any name.

If a bond has to be executed by the plaintiff, and is executed to the defendant, by a wrong name, the latter has his remedy, and may describe it as given to him; and may show that he was the party intended.

If the record does not explicitly state the particular ground of granting a nonsuit, yet if it be a necessary inference from what is disclosed, it is sufficient for the action of this Court, and will be reversed, if erroneous.

APPEAL from the Tenth Judicial District for Sutter County.

The complaint sets forth, that Thrift with others, on the 11th of June, 1851, sued out a writ of injunction against plaintiffs, and that said Thrift and Fairchild, defendants, executed a bond in the sum of $500, whereby they bound themselves to pay to said plaintiffs, known in said bond as        Morgan, John Roe, and Richard Roe, their proper names being unknown, as they allege, to said defendants, such damages as said plaintiffs should sustain, by reason of said injunction, &c.; that, by the decision of the Court, defendants were rendered liable on their said bond, &c.   A copy of the bond referred to, was annexed to the complaint.   The answer of the defendants denies the allegations of the complaint, and the execution of the bond, as therein set forth, but admits the execution of the paper annexed to said complaint.

On the 26th of April, 1852, upon motion of defendants' attorney, the Court granted a nonsuit, on the ground, that the names of the plaintiffs in the cause do not correspond with the names of the obligees, as set forth in the bond, upon which the action was brought.

Plaintiffs excepted and appealed.

*Field* and *Keyser*, for appellants.

The bond is good under the statute; Practice Act, secs. 69 and 115.   See Statutes, vol. 2, p. 60.

The misnomer of the obligee in a bond, can be corrected by a court of equity, to accord with the intention of the parties; Gayle v. Hudson, 10 Alabama, 116.

It was proper to sue the obligors by their real names, setting forth that the parties were the same; 1 Met. 359, 473; 21 Pick. 486. When a deed is made to a party by a wrong name, the plaintiffs may sue in their true names, averring in the declaration, that defendants made the deed to them by the name mentioned; 13 Johnson, 38; 5 Halsted, 323; 6 Sergeant & Rawle, 12.

*Townsend*, for respondents.

The appellants never objected to the nonsuit in the Court below, nor did they move to set it aside. But there is no error on the record; the record does not show the ground of the nonsuit; this Court will therefore presume a legal ground.

The bond is not made part of the record; the mere copying of it by the clerk, into the transcript, does not make it a part of the record; 7 Mass. Reports, 448; 8 ib. 383. Nor was the bond evidence; and it could only be made so, by setting it forth in a bill of exceptions, as prescribed by the statute.

It is no where stated on the record, that the bond copied was the bond sued on; but the decision of the Court below was right, for there was a *patent* ambiguity as to the person intended by the name      Morgan, which could not be removed by evidence *dehors* the instrument.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.—The Practice Act permits a party defendant, whose name is unknown, to be sued by any name. It follows, as a consequence, that where a bond has to be executed by the plaintiff, and is executed to the defendant by a wrong name, the latter has his remedy on such bond, and may describe it as given to him. And in such a case he may show by the record of the suit in which the bond was given, and by extraneous facts, that he was the person intended as the obligee.

In this case the record discloses that the parties were at trial; that the bond on which the suit was brought was excluded by the Court; and that on the motion of the defendant, a nonsuit was ordered. Now, although it is not explicitly stated, that the non-

suit was granted on any particular ground, it is yet an undeniable inference, that it resulted from the opinion of the Court below, holding the bond inadmissible, because it was not made to the parties plaintiff, by their proper names. This, as appears from what we have above declared, was erroneous.

> The judgment is reversed, with costs, and the case remanded.