ATLAS M. STOUT, WILLIAM M. MILLS AND JOHN TEMPLE v. WILLIAM E. SAWYER.

*Mechanic's Lien—Contract to Furnish Water Wheels—Comp. L., § 6789.*

In Michigan the labor or materials for which a lien is given to mechanics must be furnished for constructing or repairing upon the land against which the lien is to be enforced, and as regards machinery, the mechanic must construct, repair or put it up upon the land. Comp. L., § 6789. *Held* not enforceable in favor of parties in another State under a mere contract to furnish machinery, which the purchaser could dispose of as he chose. The contract must relate to, and be performed upon, the land.

Appeal from Allegan. Submitted Oct. 3. Decided Oct. 9.

PETITION to enforce a mechanic's lien. The facts are in the opinion.

*Pope & Stuck* and *J. C. FitzGerald* (on brief) for petitioners and appellants. The water wheels were "materials" (*Donahue v. Cromartie*, 21 Cal., 80; *Stockwell v. Campbell*, 39 Conn., 362; *Power v. McCord*, 36 Ill., 214) and the mill a "building" (*Truesdell v. Gay*, 13 Gray, 311; *Church v. Allison*, 10 Penn. St., 413; Phillips on Mechanic's Liens, 243)

37 MICH.—40.

within the meaning of the statute. The vendor need not see that the materials are placed in the building. *Beckel v. Petticrew*, 6 Ohio St., 247. The land on which the building stands need not be described in the contract under which enforcement of the lien is asked; liens are given on implied contracts. *Choteau v. Thompson*, 2 Ohio St., 114; *Martin v. Eversal*, 36 Ill., 222; *Morrison v. Hancock*, 40 Mo., 561; *Atkins v. Little*, 17 Minn., 342; *Cotes v. Shorey*, 8 Ia., 416; Phillips on Mechanic's Liens, § 126. Water wheels when attached are fixtures and part of the realty, and putting them into a mill is "repairing" it. *Christian v. Dripps*, 28 Penn. St., 271; *Morgan v. Arthurs*, 3 Watts, 140; *Voorhis v. Freeman*, 2 W. & S., 116; *Gray v. Holdship*, 17 S. & R., 413; *Farrar v. Stackpole*, 6 Greenl., 154; *Corliss v. McLagin*, 29 Me., 115; *Overton v. Williston*, 31 Penn. St., 155; *Oves v. Ogelsby*, 7 Watts, 106; *Murdock v. Harris*, 20 Barb., 407; *Sparks v. State Bank*, 7 Blackf., 469; *Burnside v. Twitchell*, 43 N. H., 390; *Wadleigh v. Janvrin*, 41 N. H., 503; *Winslow v. Merch. Ins. Co.*, 4 Met., 306; *Harris v. Haynes*, 34 Vt., 220; *Buckley v. Buckley*, 11 Barb., 43; *Quinby v. Manhattan, etc. Co.*, 24 N. J. Eq., 260; *Walmsley v. Milne*, 97 Eng. C. L., 115; *Symonds v. Harris*, 51 Me., 14; *Pierce v. George*, 108 Mass., 78; *Bowen v. Wood*, 35 Ind., 268; *Voorhees v. McGinnis*, 48 N. Y., 278; *Brennan v. Whitaker*, 15 Ohio St., 446; *Sands v. Pfeiffer*, 10 Cal., 258; *Bliss v. Whitney*, 9 Allen, 114; *Alvord Carriage Co. v. Gleason*, 36 Conn., 86.

*Littlejohn & Hart* (on brief) for defendant and appellee. The requirements of the statute giving a mechanic's lien must be strictly complied with. *Clark v. Raymond*, 27 Mich., 456. The contract under which its enforcement is sought must designate the land on which the work is to be done (*Burkhart v. Reisig*, 24 Ill., 529) and provide that the materials to be furnished are for a building on it, or the machinery is to be constructed or put up on it. *Croskey v. Corey*, 48 Ill., 442; 9 Am. L. Reg. (n. s.), 386. These are jurisdictional requisites, and their omission is fatal to the lien. *Willard v. Magoon*, 30 Mich., 273.

CAMPBELL, J.   The complainants filed their petition to enforce an alleged mechanic's lien under a written contract, against certain mill property of the defendant.

The contract contained a written order to complainants directed to them at Dayton, Ohio, and requesting them to ship to defendant at Diamond Springs, Allegan county, Michigan, three turbine wheels and certain specified gearing. The same contract was signed by both parties, complainants agreeing to furnish the articles for $1100, and defendant agreeing to pay the amount in four equal instalments at 4, 8, 12 and 16 months with interest from the date of shipment.

Nothing was to be done by complainants except at Dayton.   Their contract was completed when they shipped the articles from that point.

The lien law of this State gives a lien for no labor or materials that are not furnished for "constructing or repairing any building, wharf or appurtenances" upon the land against which it is sought to be enforced.   The provisions in regard to engines and machinery require the mechanic to "construct, repair or put up any engine, machinery or appurtenances upon such land."   Comp. L., § 6789.

Labor furnished for construction is manifestly labor going to the erection or finishing of the house itself, and the materials referred to are in like manner such as form part of the house.   As these are incorporated into the building itself, there can be no mistake about their destination and no trouble in identifying them.   But the lien for articles which form no part of the structure, and which may be removed from one place to another, is not given to any person who does not himself put them into the building, and thus connect his own labor with the premises sought to be charged.   What he does must be done within the State and on the premises.   It is not within the terms or the design of the statute to create a lien in favor of parties who merely sell machinery which may or may not go into a building in this State according as the purchaser

determines.    The lien is given for something actually done to improve the premises, and not for chattels which it is supposed may be placed there by some one else.    There is no more reason for giving a lien for engines and machinery sold separately as such, than for carpets or furniture or ornaments thus sold and intended to be placed in a house. If the engine is put into the building by the contractor, and becomes a fixture, he has done something towards completing the mill; but where he has merely sold it and the purchaser may do what he chooses with it, the vendor is in no sense a builder, repairer or fitter up of the building, and has done nothing whatever to the freehold.

All that these complainants did was done in another state.    They completed their work outside of Michigan, and did not even stipulate that it should ever be placed in a Michigan mill.    Such a transaction cannot by any fair construction of the statute be made the basis of a lien on the specific lands in question.

The contract must relate to the lands, and must be performed on the lands.    This contract is defective in both particulars.

The decree dismissing the petition was correct and must be affirmed with costs.

The other Justices concurred.