THOMAS BRAIDFOOT v. ANDREW TAYLOR AND A. J. LONG.

(No. 1815, Op. Book No. 3, p. 541.)

APPEAL from Baylor County. Opinion by WHITE, P. J.

§ 174. *Certiorari; sufficient ground for.* That the judgment complained of was rendered by the justice at a time other than when by law a regular term of his court could be held, is a sufficient ground for *certiorari*, because such judgment would be without authority. [R. S. art. 303.]

§ 175. *Certiorari bond; variance.* In the body of a *certiorari* bond the judgment was described as one rendered against *Thomas Braidford*, and he was named as principal in the bond, but the bond was signed Thomas *Braidfoot*, and Braidfoot, and not Braidford, was the name of the real plaintiff in the *certiorari*. *Held*, that the variance was immaterial. By an unbroken line of decisions in this state, it is settled that the omission of

the name of an obligor in the body of a bond, where it is duly signed by him, forms no substantial objections to it. [Hirams v. Coit, Dallam, 449.] In determining the question as to who is bound by a bond, the signatures will be looked to rather than the body of the instrument. If a person whose name is not inserted in the body of an instrument of writing, signs it at the foot thereof, it is a sufficient execution thereof to make it his act. [Keeton v. Spradling, 13 Mo. 321; Johnson & Cain v. Steamboat Lehigh, id. 539; Bridge v. Mathes, 7 N. H. 230; Hinsman v. Hinsman, 7 Jones (N. C. L.), 510; Beery v. Homan, 8 Gratt. (Va.) 48; Ex parte Fulton, 7 Cowen, 484; Wood v. Comar, 50 Ala. 284; Morgan v. Thrift, 2 Cal. 562; Taylor v. Strickland, 37 Ala. 642.]

Reversed and remanded.