BOARD OF EDUCATION OF DETROIT *v.* GRANT.

1. STATUTORY BONDS—VALIDITY—SURPLUSAGE.

Where the statute providing for the giving of a bond does not prescribe its form, and expressly declare that bonds not in accordance therewith shall be void, a bond with a condition in part prescribed by the statute, and in part not so prescribed, will be sustained, if it be clearly divisible, so far as it conforms to the statute, and the rest will be rejected as surplusage.

2. SAME—WRONG OBLIGEE.

A bond may be valid, though the obligee named be not the one designated by the statute.

| | |
|---|---|
| 107 | 151 |
| 115 | 46 |
| 107 | 151 |
| f 119 | 23 |
| 107 | 151 |
| f 120 | 359 |
| 120 | 360 |
| 107 | 151 |
| 151 | 236 |
| 107 | 151 |
| j152 | ¹299 |
| ¹ 107 | 151 |
| ¹ 158 | ³680 |

3. PUBLIC BUILDINGS—BOND OF CONTRACTOR—BOARD OF EDUCA-
TION AS OBLIGEE.

> A bond given to the board of education by a contractor for
> the construction of a schoolhouse, conditioned for the payment
> by such contractor and his subcontractors of all claims for
> labor performed or materials furnished in the erection of the
> building, is a valid bond under 3 How. Stat. § 8411a, 2 How.
> Stat. §§ 8411b, 8411c, and laborers and material men are
> entitled to their remedy thereon, although the bond contains
> an additional undertaking to pay all judgments and decrees
> rendered for such labor and materials, and to save the board
> harmless from all liability incurred in connection with the
> defense of such claims, and although the statute provides
> that the bond shall be executed to the people of the State of
> Michigan.

Error to Wayne; Lillibridge, J. Submitted November
8, 1895. Decided November 19, 1895.

Debt upon a bond, by the board of education of the
city of Detroit, for the use and benefit of Adam J. Orth
and others, against Alexander Grant, as principal, and
James Hannon and Wendlin Springer, as sureties. From
a judgment for plaintiff upon verdict directed by the
court, the sureties bring error. Affirmed.

*Harlow P. Davock* and *Isaac N. Payne*, for appellants.

*Edward E. Kane*, for appellee.

McGRATH, C. J. Defendant Grant, in August, 1892,
entered into a contract with the board of education to
build a schoolhouse. The board required, and Grant,
with James Hannon and Wendlin Springer, as sureties,
executed, a bond to the board, which contained the fol-
lowing condition:

"The condition of the above obligation is such that,
if Alexander Grant, who has executed the annexed con-
tract for the Merrick Avenue schoolhouse, all the work
contained in the carpenter's specifications of the same,
and his subcontractors, shall faithfully pay, or cause to
be paid, all just claims, when due, for labor performed
or furnished, or for materials used, in and upon the

building or buildings known as the 'Merrick Avenue Schoolhouse,' or for any claim for both labor and materials against the same; and, further, that said Alexander Grant and his subcontractors shall pay any and all judgments in law or decrees in chancery that may be rendered against said Merrick Avenue schoolhouse, in favor of any person or persons, for labor performed or furnished, or for materials used, in and upon the buildings described in said contract, and shall protect and save harmless the board of education from all moneys laid out or expended, or any liability incurred, in the defense of any suit that shall be brought against it to collect such claim or claims for labor and materials, and shall in all respects well and faithfully execute and perform, live up to and abide by, the same, according to the terms thereof,—then this obligation to be void; otherwise, to remain in full force and virtue."

Upon completion of the work, the board was indebted to Grant in the sum of $1,580.80, and Grant was indebted to various subcontractors, among whom were Hannon & Springer, a firm composed of the sureties upon the bond, in the sum of $2,861.26, and it was agreed that the sum due from the board should be divided *pro rata* among the subcontractors, and upon payment thereof the board should be discharged from liability. An instrument was then prepared and executed by Grant and the subcontractors, reciting the facts above stated, and the agreement to prorate and release the board, which contained the following provision:

"But in no way releasing said Alexander Grant from the balance remaining due, nor in any way releasing said Hannon & Springer from any liability they may be under to said creditors of said Grant by reason of their being sureties upon his bond to the board of education, and without prejudice in any way to any rights said creditors may have against said Hannon & Springer by or through said bond."

Grant then executed a receipt in full to the board, and the subcontractors signed an agreement, consenting to the payment of the money to one Fick, which agreement contained the following:

"And the said board be released from all liabilities in the taking of said bond in the matter, or from all demands to date,   *   *   *   or in the paying of said money, as above."

This suit is brought on the bond, for the use of the subcontractors other than Hannon & Springer, to recover the balance due them from Grant. A recovery was had, and the sureties appeal. The contention is that this bond was given to protect the board of education, and is not a bond under 3 How. Stat. § 8411a.

The statute (2 How. Stat. § 8411b) provides that the bond contemplated by it shall be "conditioned for the payment by such contractor or any subcontractor, as the same may become due and payable, of all indebtedness which may accrue to any person, firm, or corporation on account of any labor performed or materials furnished in the erection, repairing, or ornamenting of such building or works." The condition of the bond given is substantially that required by the statute. The fact that the bond contains a further undertaking to pay all judgments and decrees rendered for such labor and materials, and to save the board harmless from all liability incurred in connection with the defense of such claims, does not take the bond out of the statute. The liability of the sureties is not attempted to be extended beyond the clear and express terms of their undertaking. It has been frequently held that, in the absence of a prescribed statutory form, and of a declaration that bonds not in accordance therewith shall be void, if a bond be taken under a statute, with a condition in part prescribed by statute, and in part not so prescribed, yet, if it be clearly divisible, a recovery may be had upon it for a breach of the part prescribed by statute. The superadded part may be rejected as surplusage. *U. S.* v. *Brown,* Gilp. 155; *People* v. *Lyons,* 7 Daly, 182; *Van Deusen* v. *Hayward,* 17 Wend. 67; *Ring* v. *Gibbs,* 26 Wend. 502; *Walker* v. *Chapman,* 22 Ala. 116; *Woods* v. *State,* 10 Mo.

698; *Shunk* v. *Miller*, 5 Pa. St. 250; *Grant* v. *Brotherton*, 7 Mo. 458; *Morse* v. *Hodsdon*, 5 Mass. 314.

Nor will the fact that the obligee named is the board of education, and not the State, defeat a recovery. In *Governor* v. *Allen*, 8 Humph. 176, a bond of the receiver of school funds, which the statute provided should be given to the superintendent of public instruction, was held valid, although given to the governor. In *Vanhook* v. *Barnett*, 4 Dev. 268, and *Justices of Christian* v. *Smith*, 2 J. J. Marsh. 472, a bond directed to be given to the governor was held valid, although given to the justices of a county. *Horn* v. *Whittier*, 6 N. H. 88; *Sweetser* v. *Hay*, 2 Gray, 49; *Thomas* v. *White*, 12 Mass. 369; *Howard* v. *Brown*, 21 Me. 385; *State* v. *Thompson*, 49 Mo. 188; *Claasen* v. *Shaw*, 5 Watts, 468. In some of these cases the bond was held invalid as a statutory bond, but good as a common-law obligation. It is insisted, however, that in the majority of these cases the bonds were official bonds. But that can make no difference in the principle involved. The statute requires the exaction of a bond for the protection of the subcontractors, laborers, and material men, and it can make no difference in the application of the rule that the entire public are not the beneficiaries. The obligor has consented to make the board of education, instead of the State, the trustee for the interested parties. In *Supervisors of St. Joseph* v. *Coffenbury*, 1 Mich. 355, a bond given by a county treasurer to the board of supervisors was held to be a good common-law obligation, although there was no statute authorizing said board to receive or exact such a bond.

The judgment is affirmed.

The other Justices concurred.