VAN CLEVE GLASS CO. v. ERRATT.

MECHANICS' LIENS—MATERIAL MEN—WHO ARE.

    One who sells building material to a dealer in the usual course of trade, without any knowledge or understanding that it is to enter into any particular building, is not entitled to a lien therefor on the building in which it is afterwards used, and for which it was in fact ordered by the dealer under contract with the owner.

Appeal from Cheboygan; Adams, J. Submitted October 7, 1896. Decided November 17, 1896.

Bill by the Van Cleve Glass Company against William Erratt, George Hughes, Henry M. Airth, and Joseph Kesseler to enforce a mechanic's lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Henry G. Dozer*, for complainant.

*Frost & Sprague*, for defendant Kesseler.

GRANT, J. The defendant Kesseler, in the summer of 1894, erected a store building upon his land in Cheboygan. One Tuttle was employed by him to superintend the erection of the building, and to purchase materials

for its construction.    Defendants Erratt and Hughes were copartners, under the firm name of Erratt & Co., engaged in the retail hardware business in Cheboygan. Complainant was a corporation, organized under the laws of Ohio, and engaged in the business of wholesaling plate and window glass in Cleveland, in that State.    Tuttle ordered of Erratt & Co. plate glass designed to be used in the building for $210.    Erratt & Co. purchased the glass of the complainant for $192, free on board at Cheboygan. Both orders were given in the usual course of trade.    In giving the order to complainant, Erratt & Co. did not state that it was intended for any particular building. On October 17th the building was ready for the glass, which had not then been shipped.    Erratt & Co., on that date, wrote complainant to push the order as rapidly as possible, "as the building is now waiting for it."    The glass was shipped to Erratt & Co. soon after, and, upon its arrival, Kesseler paid Erratt & Co. the agreed price. In November following, Erratt & Co. failed, whereupon the complainant instituted this suit to enforce a mechanic's lien for material furnished.    Upon the hearing, a decree was entered dismissing the petition.

There was no contract relation between complainant and Kesseler.    It sold the property in the usual course of trade, without any knowledge or understanding that it was to enter into any particular building.    The lien statute of this State does not cover such a case.    *Willard* v. *Magoon*, 30 Mich. 273; *Stout* v. *Sawyer*, 37 Mich. 313; 15 Am. & Eng. Enc. Law, 56.

The decree is affirmed, with costs.

The other Justices concurred.