112  605
f119   23

PEOPLE, *for use of* SMITH, *v.* COLLINS.

PUBLIC WORKS—CONTRACTOR'S BOND—LABORERS AND MATERIAL
MEN.

> Plaintiffs entered into a subcontract with a paving contractor
> by which they agreed to excavate, according to grades and
> approval of engineer, certain portions of the roadway; to un-
> load and place in the roadway, by means of tracks and cars, a
> specified quantity of crushed stone; and to unload and place
> in the roadway all the curbstone to be used on the work,
> according to the orders of the foreman in charge. In addi-
> tion to the services rendered under the written contract,
> plaintiffs, pursuant to an oral agreement, furnished to the
> contractor a car load of crushed stone, and drew and unloaded
> a quantity of crushed stone in wagons. *Held*, that, with
> respect to the services performed and materials furnished
> outside of the written contract, the plaintiffs were laborers
> and material men, and entitled as such to enforce their
> claim against the sureties on the contractor's bond.

Error to Wayne; Lillibridge, J. Submitted April 9,
1897. Decided May 11, 1897.

*Assumpsit* by the People of the State of Michigan, for
the use and benefit of Frank Smith and Anthony H.
Reynolds, against Henry Collins, as principal, and John
C. McDonald, Charles P. Collins, and Henry Houghten,
as sureties, upon a statutory bond. From a judgment for
plaintiffs on verdict directed by the court, defendant
sureties bring error. Affirmed.

This suit is based entirely upon the oral agreement
referred to in the opinion, it being conceded that the
plaintiffs, with respect to the written contract, were sub-
contractors.

*Harlow P. Davock*, for appellants.

*Edwin Henderson*, for appellees.

HOOKER, J. Henry Collins constructed certain pavement in the city of Detroit under a contract and specifications made by himself and the city authorities. The other defendants are sureties upon the statutory bond given by Collins for the protection of laborers and material men, under 2 How. Stat. §§ 8411*b*, 8411*c*, and 3 How. Stat. § 8411*a*. This action is brought upon the bond, and the defendants who appeal deny liability, upon the ground that the plaintiffs' claim is that of subcontractors, and not for labor or materials furnished in any other capacity. The undisputed testimony shows that the following contract was made between Collins and the plaintiffs:

"Memorandum of agreement made this 22d day of March, A. D. 1893, between Henry Collins, party of the first part, and Frank Smith and Anthony H. Reynolds, doing business under the firm name of Smith & Reynolds, of the second part, all of the city of Detroit, Michigan, witnesseth: Said parties of the second part covenant and agree to and with the said party of the first part to excavate, according to grades and approval of engineer and superintendent, all that piece of boulevard roadway between the turn at Hendrie street to Gratiot avenue, fifty-foot (50) roadway, and from Gratiot to Mack avenue, thirty-foot (30) roadway, and to dispose and place said material to a distance of one-half a mile, as per superintendent's orders, for twenty-five (25) cents per cubic yard, engineer's measurements. Said parties of the second part also agree with said party of the first part to unload and place on roadway, by means of track and cars furnished by party of the first part, ten thousand (10,000) cubic yards of crushed stone, more or less, for eighteen (18) cents per cubic yard, said stone to be unloaded from railroad cars at the Boulevard siding of the M. C. Belt Line. Said parties of the second part also agree to unload all the curbstone to be used on work, and place on roadway, according to orders of foreman in charge of said work, for three (3) cents per lineal foot, straight curb, and five (5) cents for circles; engineer's measurements to govern. Money payments to be made at least once a month, as per estimates of the park and boulevard commissioners.

"In witness whereof, we have hereunto set our hands and seals this 22d day of March, A. D. 1893.

"HENRY COLLINS,
"SMITH & REYNOLDS.

"Witness: THOMAS J. TULLY."

The work mentioned in this contract was fully performed, and all was paid for. In the course of the work it became necessary to draw some crushed stone in wagons, and an oral agreement was made whereby the plaintiffs drew and unloaded 2,000 yards of such stone at an agreed price of 30 cents a yard. They also furnished a car load of crushed stone, for use upon the work, which was worth $19.20. The amount was ascertained from the estimates and books of the park and boulevard commission. It is said that this last item does not appear to have been used upon the portion of the boulevard covered by the contract to which the bond relates. Our attention is not called to any evidence that it was used elsewhere, and the testimony of the plaintiff Smith implies that it was used in connection with this work, which is the only work mentioned. Counsel did not take the trouble to cross-examine the plaintiff about the matter, and nothing indicates that this claim was made at the trial. That this work was done upon a contract is not disputed, but it does not necessarily follow that it was not labor, within the meaning of the statute, for all labor in such cases is performed upon contract. We have held that contracts to work upon or furnish materials for a contractor for use in building are not necessarily and always subcontracts. The subject has been discussed in the cases of *Avery* v. *Ionia Board of Supervisors*, 71 Mich. 538; *Owen* v. *Hill*, 67 Mich. 43; *Sterner* v. *Haas*, 108 Mich. 488; *People, for use of Hirth*, v. *Powers*, Id. 339. We are of the opinion that the services rendered and the material furnished are covered by the bond, and that the learned circuit judge did not err in directing a verdict for the plaintiffs.

The judgment is affirmed.

The other Justices concurred.