PEOPLE, *for use of* EMACK, *v.* THOMPSON.

PUBLIC BUILDINGS—CONTRACTOR'S BOND—MATERIAL MEN.

One who furnished slate blackboards to a contractor engaged in the construction of a school building is a material man, and entitled as such to maintain an action on the contractor's bond, where the order was given him without reference to plans or specifications, and the blackboards required were of the dimensions ordinarily kept in stock.

Error to Bay; Maxwell, J.  Submitted November 16, 1898.  Decided December 13, 1898.

*Assumpsit* by the people of the State of Michigan, for the use and benefit of John D. Emack, against John W. Thompson as principal, and Gustave Hine and Darwin C. Smalley as sureties, upon a statutory bond.  From a judgment for plaintiff on verdict directed by the court, defendants bring error.  Affirmed.

*Simonson, Gillett & Courtright (J. L. Stoddard,* of counsel), for appellants.

*James E. Duffy,* for appellee.

MOORE, J.   The circuit judge directed a verdict for plaintiff in the sum of $340.85.   The defendants bring the case here by writ of error.

In April, 1895, defendant Thompson contracted to erect a school building in Bay City.   All of the defendants joined in making a bond containing the following conditions:

" *Whereas*, the said John W. Thompson has entered into a contract with the Union school district of Bay City for the erection of a school building in the 11th ward of Bay City, which said contract is of even date herewith: Therefore, the condition of this obligation is such that, if the said Thompson shall pay, as the same becomes due and payable, all indebtedness which may accrue to any person, firm, or corporation on account of any labor performed or materials furnished in the erection of said building, then this obligation to be void; otherwise of force."

Mr. Thompson let a portion of the contract to Heumann & Trump. They let a portion of their contract to Waelde & Cary. The last-named persons had some talk with the agent of Mr. Emack about the purchase of slate for roofing and the slate which was to be used for blackboards in the school building. In answer to an inquiry, Mr. Emack, on September 6, 1895, quoted prices for slate roofing and slate blackboards, giving the price for boards three feet high at 19 cents per square foot. In October an order by mail was sent to him for different lengths of blackboard at the price given in the letter of September 6th. The blackboards furnished measured 2,049.2 square feet. The slate, in the lengths ordered, was shipped soon after. Mr. Thompson had his man spread the mortar on the walls. Waelde & Cary set the slate in the mortar, and a molding was then put in on top of them to hold them in place.

It is the claim of defendants that Mr. Emack was not a material man, but was a subcontractor, and for that reason is not entitled to maintain this action; citing *Avery* v. *Board of Sup'rs of Ionia Co.*, 71 Mich. 538. We do not think this case sustains the claim of counsel. Mr. Emack was requested to quote prices for roof slating and for slate blackboards. He quoted prices at so much a square foot for the blackboards. An order was given him, in which there was no reference to plans or specifications, but he was directed to send certain lengths of three-foot slate blackboard. This order was filled. The blackboards furnished did not differ from the three-foot slate black-

boards ordinarily kept in stock and ordinarily sold. Suppose Mr. Emack had been requested to quote prices on 3x16 joists, and had named a price of $25 a thousand feet, and an order had been given him to furnish a certain number of joists of one length, and a certain number of another, and this order was filled, would it be claimed he would not be a material man, but would be a subcontractor? We think not. The case is controlled by *Board of Education of Detroit* v. *Grant,* 107 Mich. 151; *People, for use of Hirth,* v. *Powers,* 108 Mich. 339; *People, for use of Smith,* v. *Collins,* 112 Mich. 605

It is claimed the slate was furnished by plaintiff in the usual course of his business, without any knowledge it was to be used in this particular building, and therefore, under *Van Cleve Glass Co.* v. *Erratt,* 110 Mich. 689 (64 Am. St. Rep. 383), plaintiff cannot recover. The evidence discloses very clearly that Mr. Emack understood this slate wås going into the building where it was put.

The court very properly directed a verdict.

Judgment is affirmed.

The other Justices concurred.