[Civ. No. 3900. First Appellate District, Division One.—July 25, 1921.]

## M. J. MAZURAN, Petitioner, v. THOMAS F. FINN, as Sheriff, etc., Respondent.

[1] EXECUTION—RELEASE OF LEVIED PROPERTY—THIRD PARTY CLAIM—PURPOSE OF CODE ENACTMENTS.—Sections 710 to 713½, inclusive, of the Code of Civil Procedure, enacted in 1903, are intended for the benefit of the judgment creditor and also to provide a method by which a third party claiming property levied upon under execution may prevent a summary sale to his loss and detriment.

[2] ID.—OBLIGEE OF UNDERTAKING.—A bond given under section 710 of the Code of Civil Procedure reciting that the surety is bound either to the sheriff or the judgment debtor "whichever of them is, or may be finally adjudged to be the proper obligee of the undertaking, (but not to both of them jointly), and if neither be so adjudged, then unto the state of California," is a substantial compliance with the code sections which do not specifically designate the obligee, since the sections are remedial in their nature and are to be given a liberal construction.

APPLICATION for a Writ of Mandate to compel the sale of personal property under execution. Denied.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Petitioner.

John T. Williams for Respondent.

Herman Weinberger, *Amicus Curiae.*

WASTE, P. J.—This is an application for a writ of mandate directing respondent, as sheriff, to sell certain personal property levied upon by him under execution. The petitioner, as plaintiff in an action against Frank F. Akacich and George Dimmich, was awarded judgment in the superior court of the city and county of San Francisco in the sum of $5,000, with interest and costs, no part of which having been paid, the respondent, under instructions, levied a writ of execution upon a linotype machine, and its accessories, alleged to belong to the judgment debtor, Akacich. John H. Leighton and E. E. Carreras served on the sheriff a

written claim, verified by oath, setting out their right to the possession of the property. The petitioner thereupon indemnified respondent against the third party claim by an undertaking, executed as provided in section 689 of the Code of Civil Procedure. The sheriff accepted and approved the bond and proceeded to advertise the property for sale.

Before any sale could be had Leighton and Carreras, assuming to act under the provisions of sections 710 to 713½, inclusive, of the Code of Civil Procedure, executed to the sheriff a bond in double the value of the property claimed by them and demanded its return. The respondent thereupon refused to proceed with the sale, on the ground that the property was released from the lien and levy of the execution by reason of the undertaking last given. The petitioner has applied to this court for a writ of mandate to compel the sheriff to sell the property, claiming that the refusal to do so is unwarranted for several reasons. His principal contention is that when third parties have advanced their claims, and the judgment creditor has given an undertaking indemnifying the sheriff, the claimants may not afterward prevent a sale by themselves filing a bond, and securing a release of the property from the levy of the execution.

So far as we are aware this is the first time sections 710 to 713½, inclusive, of the Code of Civil Procedure have engaged the attention of any appellate court, although section 689 has been under consideration a number of times. By its terms the latter section provides that if property levied upon is claimed by a third person by a written claim verified by oath, setting out his rights to possession, served upon the sheriff, the sheriff is not bound to keep the property unless the plaintiff, or the person in whose favor the writ of execution runs, on demand, indemnifies him against such claim by an undertaking, with at least two good and sufficient sureties, in a sum equal to double the value of the property levied upon. This section, based on the old Practice Act of California (sec. 218), was enacted as a part of the Code of Civil Procedure in 1872. It then provided that if the property levied upon was claimed by a third person the validity of the claim should be tried by a sheriff's jury of six persons. The section was amended in 1891 to

53 Cal. App.—42

read substantially as it does at the present time. (Stats. 1891, p. 20.)

In 1903 sections 710 to 713½, inclusive, relating to the release of property levied upon on execution, were added to the code. Section 710 provides that where property levied upon to satisfy a judgment for the payment of money is claimed by a person other than the judgment debtor, such claimant may give an undertaking as provided in the succeeding sections, which bond shall release the property from the lien and levy of the execution. The statute by which the sections were enacted provides that all acts, and parts of acts, in conflict with its provisions shall be repealed. (Stats. 1903, p. 101.)

We deem it unnecessary for us to consider the suggestion of the respondent, made on the argument, that the act of 1903 had the effect of repealing section 689. Even if we were to hold that the two acts relate to the same subject, that situation does not present itself. In 1907 section 689 was re-enacted in its present form. (Stats. 1907, pp. 682, 683.) It is, therefore, the last utterance of the legislature upon the question with which it deals. The statute by which it was re-enacted does not attempt to repeal any act, or parts of acts, in conflict with its provisions. Consequently we may safely conclude that both section 689 and section 710 are to be given effect, if that be possible. Two sections, both numbered 710, were added to the Code of Civil Procedure in 1903, but in this consideration we are dealing only with the section, second in point of position in the code, which provides that a third party claimant may give an undertaking and secure the release of property levied upon under execution.

[1] Section 689, it has been repeatedly held, was enacted solely for the protection of the officer making the levy. (*Paden* v. *Goldbaum*, 4 Cal. Unrep. 767, [37 Pac. 759]; *Dubois* v. *Spinks*, 114 Cal. 289, 295, [46 Pac. 95]; *Kellogg* v. *Burr*, 126 Cal. 38, 42, [58 Pac. 306].) The undertaking given under its provisions runs to such officer, is delivered to, and indemnifies him against the third party claim. It is quite apparent from a reading of section 710, and the succeeding provisions of the act, made a part of the code in 1903, that those sections are intended for the benefit of the judgment creditor, and also to provide a method by

which a third party, claiming property levied upon under execution, may prevent a summary sale to his loss and detriment. They in a sense absolve the sheriff from liability for releasing the property, but that does not appear to have been the primary object. The undertaking there provided for must be filed in the action in which the execution issued, and a copy served upon the judgment creditor, or his attorney. The judgment creditor may except to the sureties, and may also object to the statement in the bond as to the estimated value of the property sought to be released. These matters must be passed upon by the court, and if allowed, a new undertaking must be filed. The amount of the bond must be double the estimated value of the property claimed by the third party, and the condition of the bond shall be that if the property claimed is finally adjudged to be the property of the judgment debtor, the third party claimant giving the undertaking "will pay of said judgment upon which execution has issued a sum equal to the value, as estimated in the undertaking of said property claimed." Release of the property held by the sheriff is effected ten days after a proper undertaking is filed. This summary of the provisions of said section 710 et seq. makes clear, we think, the purpose for which they were enacted.

[2] This brings us to a consideration of the specific objection urged by the petitioner to the procedure followed in this case. The code does not specifically designate the person to whom the bond, given under section 710, shall be executed. The third party claimants below first filed an undertaking in which the respondent here, as sheriff of the city and county of San Francisco, was named the obligee, although the condition of the obligation was to pay to the petitioner, the judgment creditor, as required by the statute. On objection of the petitioner the claimants filed a new undertaking which recites that the surety company executing the bond is bound either to Thomas F. Finn, sheriff of the city and county of San Francisco, state of California, or M. J. Mazuran, plaintiff in the action and judgment creditor of the judgment in the undertaking thereinbefore referred to, "whichever of them is, or may be finally adjudged to be the proper obligee of the undertaking, (but not to both of them jointly), and if neither be so adjudged, then unto the State of California," in the sum of

$4,700, or twice the value of the property levied upon, which is stated to be $2,350. It has been held that a bond may be valid, though the obligee named be not the one designated by statute. In such a case one may show by the record of the suit in which the bond was given, and by extraneous facts, that he was the person intended as the obligee. (*Morgan* v. *Thrift,* 2 Cal. 562; *Board of Education* v. *Grant,* 107 Mich. 151, [64 N. W. 1050].) But even if under such liberal rule the first undertaking should be held insufficient, the second was a substantial compliance with the code sections, which are remedial in their nature, and should be construed liberally, and so as to extend the remedy. (*Cullerton* v. *Mead,* 22 Cal. 96, 98.) The naming of others in the alternative with the judgment creditor as obligee, when read in connection with the recital of the obligation of the bond, which literally follows the code, may be designated as surplusage.

We do not think it matters that the second undertaking was filed in response to an objection other than those permitted by the code sections. There is nothing in the statute, either by implication or express provisions, forbidding the filing of a second bond if the first is insufficient by reason of some infirmity not anticipated by the framers of the act.

The petition for a writ of mandate is denied.

Kerrigan, J., and Richards, J., concurred.