## IVORYDALE LUMBER CO v CINCINNATI UNION TERMINAL CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 4251. Decided March 13, 1933

Alvin H. Rowe, Cincinnati, for plaintiff in error.

Taft, Stettinius & Hollister, Cincinnati, Harmon, Colston, Goldsmith & Hoadly, Cincinnati, Dawson E. Bradley, Cincinnati, Frank Woodward, Cincinnati, Wm. R. Benham, Cincinnati, and Edwin G. Becker, Cincinnati, for defendants in error.

## OPINION

**By HAMILTON, PJ.**

The question of law raised here is: Whether or not a material man furnishing materials through a contract with a material man, who furnishes lumber to a building, may have a mechanic's lien on the building for the value of the materials?

The claim of the defendant in error is, that a selling material man to a purchasing material man is not entitled to maintain a mechanic's lien under the provisions of §8310, GC.

Sec 8310, GC, provides:

"Every person who * * * furnishes * * * material * * * for erecting, altering, repairing, or removing a house * * * or other building * * * by virtue of a contract, express or implied, with the owner * * * or furnishes machinery, materials, or fuel, to each original or principal contractor, or any sub-contractor, in carrying forward, performing, or completing any such contract, shall have a lien * * *."

From the allegations of the petition it is clear that the plaintiff had no contract with the owner to furnish any material. The contract was with the Daly Lumber Company, which company had a contract for furnishing material. It did not furnish material to the original or principal contractor or sub-contractor, but furnished the materials to the Daly Lumber Company, who had the contract. In other words, it leaves the plaintiff in the position of endeavoring to secure a mechanic's lien, for the reason that certain lumber sold by it was used in the erection of the building.

This precise question has not been decided in this state. The question has, however, been considered by courts of other states. In the case of Van Cleve Glass Co. v Erratt, 110 Mich., 689, the court denied the lien of a material man furnishing materials to a materialman.

The subject is discussed in DeWitt's Ohio Mechanics' Liens, in §34, page 78, and §310, page 471. We are in accord with the pronouncements in this recognized authority in Ohio, and with the decisions of the other states.

We are of opinion that the plaintiff has no valid lien, and the Court of Common Pleas was correct in so holding.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.