FIRST NATIONAL BANK & TRUST CO. IN SIOUX FALLS, et al, v. MONSERUD, et al, Appellants.

(249 N. W. 813.)

(File No. 7549. Opinion filed August 12, 1933.)

*Bailey & Voorhees* and *H. L. Fuller,* all of Sioux Falls, for Appellant.

*Danforth & Davenport,* of Sioux Falls, for Respondents.

ROBERTS, J. The complaint alleges that the defendant is a corporation licensed to act as a surety for hire; that on the 15th of August, 1921, the county court of Minnehaha county made and entered its decree in the matter of the estate of Orrin A. Carpenter, deceased,. wherein certain properties were devised to the Dakota Trust & Savings Bank in trust for the benefit of Henrietta L. Carpenter and others; that on June 6, 1924, the circuit court of Minnehaha county made an order appointing the defendant N. O. Monserud to succeed the Dakota Trust & Savings Bank as trustee; that the court required in its order that a bond be given to the beneficiaries of the trust in the sum of $10,000, to be approved by the court and filed; that the said Monserud, as principal, and the defendant United States Fidelity & Guaranty Company, as surety, executed the following bond:

"Know all men by these presents, that we, N. O. Monserud, as principal, and United States Fidelity and Guaranty Company,

462

a corporation, of Baltimore, Md., as sureties, all of the County of Minnehaha, and the State of South Dakota, are held and firmly bound unto the State of South Dakota, in the penal sum of Ten Thousand Dollars, for the payment of which, well and truly to be made, we hereby jointly and severally bind ourselves, our heirs, executors and administrators, firmly by these presents.

"The condition of the above obligation is such, that if the above bounden N. O. Monserud, who has been appointed trustee of the estate of Orrin A. Carpenter, deceased, by the Circuit Court of Minnehaha County, South Dakota, in accordance with a decree of said Circuit Court, dated the 6th day of June, A. D. 1924, shall faithfully discharge the office and duty of such trustee as required by law, and shall render a fair and just account of such trusteeship of said Court whenever required so to do by law, or by order of said Court, of all moneys and property that may come into his hands, or into the hands of anyone, for them belonging to said trust and pay out the same under the sanction or direction of the said Court, or to any trustee hereafter to be appointed by a Court of competent jurisdiction, should such appointment be made, then this obligation to the null and void, otherwise to remain in full force and virtue.

"In witness whereof, we have hereunto set our hands and seals this 10th day of June, A. D. 1924."

The complaint further alleges that this bond was approved by the circuit court and filed; that premiums upon the bond have been each year paid to the surety company from the assets of the trust; that defendant Monserud on October 26, 1932, duly tendered his resignation as trustee, which resignation was by order of the court on the same day accepted; that the circuit court on December 2, 1932, made and entered an order directing and requiring defendant Monserud forthwith to pay to his successor as trustee the sum of $10,686.18, money belonging to the trust and not accounted for by defendant Monserud to his successor; that demand for payment of such sum was made and no part thereof has been paid; and that by virtue of such facts stated the defendants are indebted to and liable to the plaintiff in the sum specified in the bond and interest thereon.

The defendant United States Fidelity & Guaranty Company demurred, and this appeal is from the order overruling the demur-

rer. The beneficiaries of the trust are not named as obligees in the bond, and the question arises whether this action can be maintained against the surety. Concededly, the state named as obligee has no direct interest in the bond and there is no statute expressly authorizing such a bond to be made payable to the state to indemnify persons who may be injured by the default or misconduct of a trustee.

 Supreme Court Rules, Part III, were adopted pursuant to the provisions of chapter 156, Laws of 1923, relating to the administration of trusts. Rule IX provides that the circuit court may by order require a bond or a new bond of a trustee, as the case may be, and for failure to furnish a bond may remove a trustee. The circuit court by an order dated June 6, 1924, appointing defendant Monserud as trustee, required a bond to be furnished to the beneficiaries of the trust. The objection to the bond is that it does not designate the beneficiaries as obligees. A bond is to be interpreted by the same rules which are applicable to the construction of other contracts. It is sufficient that the intent plainly appears, though it may not be fully and particularly expressed. It clearly appears that the bond was furnished as required by the order of the court. It was approved by the circuit court, and was duly filed with the clerk of courts as a part of the records and files in the matter of the administration of the trust. The condition of the bond is that the trustee appointed in accordance with the decree of the court dated June 6, 1924, shall faithfully discharge the duties of the office, shall render a fair and just account of all money and property that may come into his hands, and shall pay the same under the sanction and direction of the court or to any trustee appointed by a court of competent jurisdiction. Notwithstanding that the state of South Dakota is named as obligee, it is apparent that this was a mistake and that the bond was intended as security for persons beneficially interested in the trust; the recitals in the condition of the bond make it clear for whose benefit it was given. See County of Bay v. Brock, 44 Mich. 45, 6 N. W. 101; Leach v. Flemming, 85 N. C. 447; U. S. Fidelity & Guaranty Co. v. Hansen, 36 Okl. 459, 129 P. 60, Ann. Cas. 1915A, 402; State v. Wood, 51 Ark. 205, 10 S. W. 624; Board of Ed. of City of Detroit v. Grant, 107 Mich. 151, 64 N. W. 1050; Morgan v. Thrift, 2 Cal. 562; Mazuran v. Finn, 53 Cal. App. 656, 200 P. 769; McIntire v. Linehan, 178 Mass. 263, 59 N. E. 767.

It is further contended that it does not appear from the allegation of the complaint that the bond was delivered. Whether the bond has or has not been delivered so as to complete the contract and give it binding effect does not depend upon its manual delivery to the beneficiaries, but rather upon the intention of the parties as shown by all the facts and circumstances of the particular case. It is alleged that defendant Monserud as principal and appellant as surety made and executed the bond; that the bond was approved by the court and thereafter filed with the clerk; and that premiums have been paid annually to the surety company upon the bond from the assets belonging to the trust. The fact of delivery is not expressly stated, but the allegations of the complaint are sufficient in substance to show delivery.

The order appealed from is therefore affirmed.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur.

CAMPBELL, J., not sitting.