ALSCO, INC., APPELLEE, *v.* MUNDEY ET AL., APPELLANTS.

(No. 2539—Decided October 20, 1959.)

*Mr. M. Teitelbaum,* for appellee.
*Mr. Herbert M. Eikenbary,* for appellants.

CRAWFORD, J. Defendants, appellants herein, Dallas W. and Ruth F. Mundey, owners of real estate, appeal from a judgment which determined that plaintiff, appellee herein, has a valid mechanic's lien upon such real estate and ordered foreclosure.

Defendants filed a motion for judgment on the pleadings, which was treated by the court and counsel as a general demurrer. The motion was overruled, the allegations in the pleadings on both sides found to establish the validity of the lien, and the judgment and decree appealed from were rendered accordingly.

The amended petition as further amended at bar alleges that plaintiff entered into an oral contract with one John Riley, d. b. a. Housecraft Construction, to furnish aluminum siding to be used in altering and improving defendants' dwelling; that such materials were furnished pursuant to a contract between Riley and the owners, defendants below; and that the necessary steps were timely taken to perfect the lien.

Defendants filed an answer consisting only of a general denial of "all obligations as averred in plaintiff's petition, charging them with being indebted unto the plaintiff in any manner or mode whatsoever."

Two errors are assigned: (1) That the judgment is contrary to law, and (2) that it is contrary to the manifest weight of the evidence.

The second assignment of error is not briefed or argued, and there is no bill of exceptions to exemplify it. Hence we can find no error in that respect.

Upon the first assignment there is no claim that plaintiff failed to take any of the steps required for the perfecting of its mechanic's lien. The sole contention of defendants is that under the terms of Section 1311.02, Revised Code, one materialman cannot obtain a lien for materials furnished to another materialman who is not a contractor or subcontractor within the meaning of Sections 1311.01 and 1311.02, Revised Code.

They base their argument upon the case of *Botzum Bros. Co.* v. *Brown Lumber Co.*, 104 Ohio App., 507, 150 N. E. (2d), 485. The court there followed the earlier case of *Ivorydale Lumber Co.* v. *Cincinnati Union Terminal Co.*, 45 Ohio App., 353, 187 N. E., 126. The view taken in those cases is recognized in 36 Ohio Jurisprudence (2d), 470, Mechanic's Liens, Section 35, where

the application and limitations of the statute are discussed. It is there stated that those entitled to a mechanic's lien include, in addition to the original or principal contractor:

"* * * every person who, as a subcontractor, laborer, or materialman, performs any labor, or furnishes machinery, material, or fuel, to an original or principal contracto₁ or any subcontractor, in carrying forward, performing, or completing any such contract. By the terms of the statute, the benefit of its provisions is limited to persons who have performed labor or furnished machinery, materials, or fuel. But in view of the express wording of the statute and the statutory definitions of terms used therein, a materialman of a subcontractor is clearly entitled to a mechanic's lien, as are also subcontractors and laborers of subcontractors, although there is authority to the effect that a materialman of a materialman is not entitled to a lien under the statute."

The amended petition in this case was further amended at bar to include the vital allegation: "* * * that the materials ordered from plaintiff by Riley, d. b. a. Housecraft Construction were ordered pursuant to a contract between Riley, d. b. a. Housecraft Construction, and defendant owners." The judgment entry, after reciting this amendment, continues, "the demurrer being renewed against the amended petition as amended at bar is hereby overruled."

Thus the allegations of the amended petition bring plaintiff squarely within the provisions of the statute, and we find no error in the ruling or judgment.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.